MCDERMOTT & RADZIK, LLP
Matthew T. Loesberg (ML-3708)
Wall Street Plaza – 88 Pine Street
New York, New York 10005
Telephone (212) 376-6400
Telecopier (212) 376-6494
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————
TUCKER COMPANY, INC.                )
                Plaintiff,                    )
                                              )
                - v. -                        )
                                              )
9102-3176 QUEBEC INC. d/b/a TRANSPORT )
ROXY USA,                           )
                Defendant.                    )
                                              )
———————————————————

JUDGE ROBINSON

ECF CASE

07 CIV 4660

COMPLAINT

Plaintiff TUCKER COMPANY, INC. ("Tucker"), by its attorneys McDermott & Radzik, LLP, alleges for its Complaint, upon information and belief:

INTRODUCTION

1. This is an action for breach of: CARRIER CONTRACT AGREEMENT, BROKER/MOTOR CARRIER AGREEMENT and contract of carriage and duties of common carriers by motor truck for damage to Xylocaine shipped under AstraZeneca bill of lading dated January 26, 2005 (hereinafter the "Shipment").

2. This action involves interstate transportation by motor carrier under 49 U.S.C. § 14706 (the "Carmack Amendment").

1

## PARTIES

3. Plaintiff Tucker is a corporation existing under, and by virtue of the laws of the state of New Jersey with an office and place of business at 900 Dudley Avenue, Cherry Hill, New Jersey 08002.

4. Tucker was and is of the bailor the Shipment and subrogor and indemnitor of the shipment and owner of the claims which are the subject of this Complaint.

5. Tucker brings this action on its own behalf and as agent or trustee on behalf of all having an interest in the Shipment.

6. Defendant 9102-3176 QUEBEC INC. d/b/a TRANSPORT ROXY USA (hereinafter "Roxy") is a corporation existing under, and by virtue of the laws of Quebec, Canada with an office and place of business at 182 Maiden Suite 200, Valleyfield, P.Q. J6S-3V6.

7. Roxy is registered with the United States Department of Transportation as an interstate carrier, is assigned U.S.D.O.T. number 943501, and operates as a motor truck carrier of general freight.

8. Roxy is subject to the personal jurisdiction of this Honorable Court by virtue of its transacting business within and through the State of New York.

## JURISDICTION

9. This action involves interstate transportation by motor carrier. This honorable Court has jurisdiction pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment") and 28 U.S.C. §1331.

## BACKGROUND

10. On or about On April 19, 2002, Tucker, as a third-party logistics provider, broker and forwarder and Roxy, as a carrier entered a CARRIER CONTRACT AGREEMENT (hereinafter "CCA")

11. Under the CCA, Roxy is defined as "CARRIER" and is a motor truck carrier and performs its contractual obligations as a motor truck carrier.

12. Paragraph 5 of the CCA provides:

> CARRIER, at its sole cost and expense, shall furnish all equipment required for its services hereunder and shall maintain all equipment in good repair and condition. CARRIER at its sole cost and expense, shall employ for its services hereunder only competent and legally licensed personnel. Without the written consent of TUCKKER, CARRIER shall not cause or permit any shipment tendered hereunder to be transported by any other motor carrier or interline service or in substituted serviced by railroad or other modes of transportation.

13. On or about On August 24, 2005, Tucker, as a broker and Roxy, as a carrier entered a BROKER/MOTOR CARRIER AGREEMENT (hereinafter "BMCA").

14. Under the BMCA, Roxy is defined as "CARRIER" and is a motor truck carrier and performs its contractual obligations as a motor truck carrier.

15. On or about January 26, 2005, pursuant to the CCA and BMCA, Tucker contracted with Roxy to transport the Shipment of Xylocaine form AstraZeneca LP in Westborough, Massachusetts to AstraZeneca Inc. in Mississauga, Ontario, Canada.

16. On or about January 26, 2005, Roxy, in consideration of certain agreed freight charges, picked-up, received and accepted the Shipment in good order and condition and without exception.

17. AstraZeneca's bill of lading for the shipment contained the instruction, "Protect from freezing."

18. Without the written consent of Tucker, Roxy tendered the Shipment, or caused it to be tendered, to Excel Logistics Ltd. to perform the motor truck transportation of the shipment under AstraZeneca's bill of lading.

19. On or about January 27, 2005, the Shipment arrived at its destination, was discharged in damaged condition.

20. The Shipment was not transported and delivered from Westborough to Mississauga as instructed to "Protected from freezing."

21. Thereafter, AstraZeneca made claim upon Tucker for the damage to the Shipment in the amount of $28,103.81.

22. On February 20, 2006, Tucker settled AstraZenceca's claim for damage to the Shipment by payment of $14,052.00, to AstraZeneca's, its insurers and/or representatives and assumed the claim by subrogation and indemnity and made a claim upon Roxy for the damage.

23. On or about November 1, 2005, Roxy declined Tucker's claim for damage to the Shipment and has refused to pay for the damage although duly demanded.

FIRST CAUSE OF ACTION
(Carmack Amendment)

24. Paragraphs 1 through 23 are incorporated by reference as though fully set forth at length herein.

25. Roxy, as motor carrier of merchandise for hire and pursuant to its contracts and the bill of lading, had duties to transport, handle, carry, keep, care for, discharge and deliver the Shipment in good order and condition.

26. Roxy breached its contracts, the bill of lading, and duties as a motor carrier of merchandise for hire by failing to deliver the Shipment in like condition as received and in failing to protect the Shipment from freezing as instructed.

27. As a direct and proximate result of Roxy's breach of its contract of carriage, bill of lading, and duties as a motor carrier of merchandise, Roxy has caused Tucker to sustain damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $14,052.00.

WHEREFORE Tucker demands judgment in its favor and against Roxy in the sum of $14,052.00, plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

### SECOND CAUSE OF ACTION
(Breach of CCA)

28. Paragraphs 1 through 27 are incorporated by reference as though fully set forth at length herein.

29. Under the CCA Roxy contracted with Tucker as a motor truck carrier to carry goods for Tucker in exchange for good and valuable consideration.

30. Under paragraph 5 the CCA was not permitted to tender the Shipment, or cause it to be tendered, to Excel to perform the motor truck transportation without the written consent of Tucker.

5

31. Roxy breached the CCA by tendering the Shipment, or causing it to be tendered, to Excel to perform the motor truck transportation of the Shipment without the written consent of Tucker.

32. As a direct and proximate result of Roxy's breach of the CCA, Roxy has caused Tucker to sustain damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $14,052.00.

WHEREFORE Tucker demands judgment in its favor and against Roxy in the sum of $14,052.00, plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
June 1, 2007

MCDERMOTT & RADZIK, LLP  
Attorneys for Plaintiff

By: _____  
Matthew T. Loesberg (ML-3708)  
Wall Street Plaza / 88 Pine Street  
New York, New York 10005  
Telephone (212) 376-6400